**ORIGINAL**

FILED

01 JUN -1  AM 10: 48

LANCE S. WILSON
CLERK

BY_____
DEPUTY

1  JACK E. KENNEDY, ESQ. #2127
   JACK E. KENNEDY & ASSOCIATES, P.C.
2  425 West Plumb Lane
   Reno, Nevada 89509
3  (775) 323-5225

4  Attorneys for Plaintiff

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                          CV-N-01-0343-HDM-VPC

9  GLORIA CISNEROS, an individual,

10            Plaintiff,

11  v.
                                    **COMPLAINT FOR**
12  COMMERCIAL INSURANCE        **DECLARATORY RELIEF**
    SERVICES, INC., a Colorado   **AND JURY DEMAND**
13  Corporation, *dba* PROFESSIONAL
    INSURANCE NETWORK, INC., a
14  Nevada Corporation *dba* PROGRAM
    FOR SOVEREIGN INDIAN
15  NATIONS; LOVELOCK PAIUTE TRIBE
    DOES I - V; and ROE
16  CORPORATIONS A - E,
    jointly and severally, inclusive,
17
              Defendants.
18  _____/

19        Plaintiff, GLORIA CISNEROS, by and through her attorneys, JACK E. KENNEDY

20  AND ASSOCIATES, P.C., complains and alleges as follows:

21                              **PARTIES**

22        1.      At all material times mentioned herein, Plaintiff GLORIA

23  CISNEROS (hereinafter "GLORIA") is, and at all relevant times herein was, a resident of

24  the State of Nevada, and currently resides at 445 14th Street, Lovelock, Nevada.

25        2.      Plaintiff is informed and believes, and therefore alleges that Defendant

26  Lovelock Paiute Tribe (hereinafter, the "TRIBE") does and at all relevant times herein did

27  employ GLORIA.

28        3.      Plaintiff is informed and believes, and therefore alleges that Defendant

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225 Fax: (775) 323-5666



JACK E. KENNEDY AND ASSOCIATES, P.C.

425 West Plumb Lane, Reno, Nevada 89509

Tel: (775) 323-5225 Fax: (775) 323-5666

1   COMMERCIAL INSURANCE SERVICES, INC., (hereinafter, "CIS") is a Colorado

2   Corporation, doing business as in Nevada as PROFESSIONAL INSURANCE NETWORK,

3   INC., a Nevada Corporation, doing business as PROGRAM FOR SOVEREIGN INDIAN

4   NATIONS, with its principal place of business at 6143 S. Willow Drive, Suite 330,

5   Englewood, Colorado 80111.

6           4.      Plaintiff alleges that the true names or capacities, whether individual,

7   corporate, associate, or otherwise of Defendant DOES I - V, inclusive, and Defendant ROE

8   CORPORATIONS A - E, inclusive, are unknown to Plaintiff, who therefore sues said

9   Defendants by fictitious names. Plaintiff is informed and believes, and therefore alleges that

10  DOE Defendants named herein and those designated herein as DOES I - V, and Defendant

11  ROE CORPORATIONS A - E inclusive, and each of them, are responsible in some way or

12  ways for the events, happenings and occurrences herein referred to, and caused damages

13  proximately and legally thereby to Plaintiff. Plaintiffs will seek leave to amend this

14  Complaint to set forth the true names and capacities of the above fictitiously named

15  Defendants after the same have been ascertained by the Plaintiff.

16                        **JURISDICTION AND VENUE**

17          5.      Plaintiff alleges that United States District Court has diversity jurisdiction

18  of this matter pursuant  to 28 U.S.C. §1332.

19          6.      Plaintiff asserts that the United States District Court, Northern Nevada

20  District, is the proper venue for her claims pursuant to 28 U.S.C. §1391(e), as the events that

21  give rise to this action occurred within the boundaries of the Northern Nevada District.

22                        **GENERAL ALLEGATIONS**

23          7.      GLORIA has been, and continues to be, employed by the TRIBE as a

24  bookkeeper/finance officer since May, 2000.

25          8.      GLORIA's physical working address is the Tribe colony located at 201

26  Bowean, Lovelock, Nevada.

27          9.      In the course of her work for the tribe, GLORIA regularly travels to the

28  Nevada Indian Environmental Coalition office in Fallon, Nevada, the Bureau of Indian Affairs

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225  Fax: (775) 323-5666

1   Office in Carson City, Nevada, and Egghart & Associates in Reno, Nevada.

2          10.    If GLORIA's travel to Fallon, Carson City, or Reno was required, she

3   was reimbursed by her employer for the mileage for any trip she made for Tribal business. See

4   Lovelock Paiute Tribe Travel Expense Report, marked Exhibit 1, attached hereto and

5   incorporated herein by reference.

6          11.    On or about February 7, 2001, GLORIA left her home in Lovelock,

7   Nevada, early in the morning and arrived at the Lovelock office to pick up invoices, time cards,

8   W-2's, 1099's, and other various personnel related documents for the Tribe in order to transport

9   them to the Fallon, Nevada office.

10          12.    After the GLORIA left the Lovelock office with the personnel documents

11   on her way to Fallon, she was involved in a near-fatal roll-over accident in which she suffered

12   serious head and other injuries that required more than a month of hospitalization and ongoing

13   medical treatment.

14          13.    As a result of the accident, the various personnel documents that she was

15   transporting to the Fallon office were scattered throughout the area of her accident, and had to

16   be re-printed by the payroll service from which GLORIA obtained the documents.

17          14.    As a result of her work-related injuries she sustained from the accident,

18   GLORIA filed a claim with the Defendant CIS – the company that provides the TRIBE

19   workers' compensation insurance – to secure her workers' compensation benefits.

20          15.    Thereafter, many attempts over several weeks were made to confirm

21   Defendant with CIS the status of GLORIA's claim.

22          16.    On or about March 16, 2001, Defendant TRIBE, by and through the

23   director of the Tribe, Mr. Ambler, assured GLORIA that the appropriate paperwork had been

24   forwarded by them to the Defendant CIS so that her worker's compensation claim could be

25   processed. See Employer's First Report of Injury or Illness, marked Exhibit 2, attached hereto

26   and incorporated herein by reference.

27          17.    On or about March 22, 2001, the Defendant CIS informed GLORIA that

28   they needed a recorded statement from GLORIA.

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225 Fax: (775) 323-5666

18.     In compliance with the Defendant CIS' request, on April 4, 2001, GLORIA provided the statement to Defendant CIS via telephone through her attorney's office, that recounted her accident and its occurrence in the course and scope of her employment.

19.     GLORIA forwarded additional information to the Defendant CIS, including travel expense reports through 2/7/01, the expense check she received from the Defendant TRIBE, for those travel expenses, and additional paystubs.    See Lovelock Paiute Tribe Payroll Check for Gloria Cisneros, marked Exhibit 3, attached hereto and incorporated herein by reference.

20.     On April 27, 2001, the Defendant CIS denied the Plaintiff's worker's compensation benefits based upon its finding that because the Plaintiff was using her normal route of travel between her home and the Fallon office, her claim "...falls under the Coming and Going Rule recognized by the State of Nevada, and is therefore not compensable."

21.     Ultimately, on May 4, 2001, the undersigned counsel wrote a letter to Defendant CIS, requesting that they reconsider the decision to deny GLORIA's benefits. See Letter to Mark Gaarder, marked Exhibit 4, attached hereto and incorporated herein by reference. Enclosed with the letter were the affidavits of GLORIA and her supervisor.   See Affidavit of Gloria Cisneros, marked Exhibit 5, and Affidavit of Allen Ambler, marked Exhibit 6, attached hereto and incorporated herein by reference. The affidavits support GLORIA's contention that she was within the course and scope of her employment at the time that she was injured. The letter requested that Defendant CIS respond by May 9, 2001.  To date, no response has been received.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

22.     GLORIA realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23.     GLORIA alleges and believes that she is an intended Third Party Beneficiary of the above described contract for insurance between the Defendant TRIBE and the Defendant CIS.

4

1    24.    GLORIA alleges that the findings by Defendant CIS that the

2  GLORIA's travel from Lovelock to Fallon on February 7, 2001 fell in the Coming and

3  Going Rule and, therefore, her injuries were not compensable under her workers'

4  compensation benefits were erroneous.  The Defendants have all of the information to

5  support GLORIA's claim that her travel from Lovelock to Fallon on February 7, 2001 was

6  in the course and scope of her employment.

7    25.    Based upon the Defendant CIS' erroneous conclusion, GLORIA was

8  without income or means of support for the extended period of time in which she was

9  hospitalized and in rehabilitation for her work-related injuries.

10    26.    As a result of the GLORIA's lack of income or support while

11  recovering from her work-related injuries, GLORIA has suffered serious financial

12  difficulties for which she will never recover.

13    27.    As a result of the Defendant CIS' erroneous findings regarding the

14  GLORIA's automobile accident, GLORIA has been required to retain the services of an

15  attorney to prosecute this claim.

16
17
**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

18    28.    GLORIA realleges and incorporates by reference paragraphs 1

19  through 27 as though fully set forth herein.

20    29.    GLORIA's employer, the Defendant TRIBE,  had a written, executed

21  and enforceable insurance contract with Defendant CIS.

22    30.    GLORIA alleges and believes that she is an intended Third Party

23  Beneficiary of the above described contract for insurance between the Defendant TRIBE and

24  the Defendant CIS.

25    31.    GLORIA alleges and believes that the Defendant TRIBE has fully,

26  adequately and in good faith performed its duties under said insurance contract.

27    32.    The contract provided that the Defendants would provide benefits to

28  the Defendant TRIBE's employees who are injured in the course and scope of their

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225 Fax: (775) 323-5666

5

employment with the Defendant TRIBE.

33.   Despite evidence that GLORIA was an employee of the Defendant TRIBE and that she was injured in the course and scope of her employment with the Defendant TRIBE, the Defendant CIS refused to pay benefits to GLORIA.

34.   The Defendant CIS breached the insurance contract with the Defendant TRIBE by refusing to pay benefits to GLORIA.

35.   As a direct and proximate cause of the Defendants' acts, conduct and omissions, GLORIA has suffered stress, emotional damage, humiliation, embarrassment and economic harm, all to her damage as set forth below.

36.   GLORIA has been required to retain the services of an attorney to pursue this action and should be granted reasonable costs and attorney's fees therefor.

37.   The Defendant CIS' actions were done with willful and/or wanton disregard for the health and welfare of GLORIA.

38.   The Defendant CIS' actions were done intentionally, maliciously and with the intent to injure and/or oppress GLORIA, and by reason thereof, GLORIA is entitled to exemplary and punitive damages as set forth below.

### THIRD CLAIM FOR RELIEF
### (Bad Faith)

39.   GLORIA realleges each allegation contained in  Paragraphs 1 through 38 as though fully set forth herein.

40.   GLORIA alleges and believes that she is an intended Third Party Beneficiary of the above described contract for insurance between the Defendant TRIBE and the Defendant CIS.

41.   GLORIA avers that the conduct described above constitutes bad faith by the Defendant CIS.

42.   GLORIA avers that said insurance contract requires that Defendant CIS will pay benefits on valid claims and that each party's conduct will comport with good faith and fair dealing, and that Defendant CIS' conduct constitutes bad faith.

6

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225  Fax: (775) 323-5666

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225 Fax: (775) 323-5666

43.  GLORIA alleges and believes that the Defendant TRIBE has fully, adequately, and in good faith performed its duties under said insurance contract, and that Defendant CIS' conduct described above violates the terms of the contract and constitutes bad faith.

44.  As a direct and proximate result of the acts, conduct and omissions of Defendants and Defendants' agents acting within the course of their employment, GLORIA has and continues to suffer loss of earnings, emotional and physical distress, humiliation and embarrassment, all to her damage as set forth below.

45.  The aforementioned acts of Defendants were done intentionally, maliciously and with intent to injure and oppress GLORIA, and by reason thereof, GLORIA is entitled to exemplary and punitive damages in a sum set forth below.

46.  GLORIA has been required to retain the services of an attorney to pursue this action and should be granted reasonable costs and attorney's fees therefor.

### FOURTH CLAIM FOR RELIEF
### (Unfair Insurance Practices)

47.  GLORIA realleges each and every allegation contained in paragraph 1 through 46 as though fully set forth herein.

48.  GLORIA is informed and believes and thereon alleges that Defendant CIS was *negligent per se* when they dealt with her in violation of NRS 686A.310 (a), (b), (c), (e), (l), (n)  and other statutes, which outline unfair practices by insurance companies in settling claims.

49.  As a direct and proximate result of the acts, conduct and omissions of Defendant CIS and Defendant CIS' agents acting within the course of their employment, GLORIA has and continues to suffer loss of earnings, emotional and physical distress, humiliation and embarrassment, all to her damage as set forth below.

50.  GLORIA has been required to retain the services of an attorney to pursue this action and should be granted reasonable costs and attorney's fees therefor.

///

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225  Fax: (775) 323-5666

///

## FIFTH CLAIM FOR RELIEF
### (Negligence)

51.    GLORIA realleges each allegation contained in Paragraphs 1 through 50 as though fully set forth herein.

52.    GLORIA alleges and believes that she is an intended Third Party Beneficiary of the above described contract for insurance between the Defendant TRIBE and the Defendant CIS.

53.    GLORIA avers that the conduct described above constitutes negligence by Defendant CIS and Defendant TRIBE.

54.    GLORIA alleges and believes that the Defendant CIS and Defendant TRIBE owed a duty to her to act reasonably.

55.    GLORIA alleges and believes that the Defendant CIS breached such duty(s) by acting unreasonably and negligently and Defendant TRIBE has not insisted on performance under the contract.  The Defendant CIS, by such acts and omissions described above, has not acted in a reasonable manner towards GLORIA.

56.    GLORIA alleges and believes that the Defendant CIS and Defendant TRIBE'S omission to demand timely performance is the actual and proximate cause of the damages and injuries described herein above.

57.    As a direct and proximate result of the acts, conduct and omissions of Defendant CIS and Defendant TRIBE, GLORIA has and continues to suffer loss of earnings, emotional and physical distress, humiliation and embarrassment, all to her damage as set forth below.

58.    GLORIA has been required to retain the services of an attorney to pursue this action and should be granted reasonable costs and attorney's fees therefor.

## SIXTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

59.    GLORIA realleges each allegation contained in  Paragraphs 1 through

8

1   58 as though fully set forth herein.

2        60.   GLORIA avers that the conduct described above constitutes negligent

3   infliction of emotional distress by Defendants.

4        61.   Defendants, by and through their agents, officers, and employees

5   while in the course and scope of their employment, engaged in a course of conduct toward

6   GLORIA which in its totality was extreme and outrageous, to-wit as set forth above.

7        62.   The above alleged acts and conduct of Defendants was extreme and

8   outrageous and was carried out with negligent disregard for the consequences. Defendants'

9   negligent conduct, as set forth above, proximately caused GLORIA to suffer humiliation,

10   mental anguish, emotional and physical distress or were done with reckless disregard for the

11   feelings, health or welfare of GLORIA, all of which was foreseeable by Defendants.

12        63.   GLORIA avers that the conduct of Defendant's authorized and

13   apparent agents, its managers, officers and employees, was ratified and adopted by

14   Defendants.

15        64.   As a direct and proximate result of the acts, conduct and omissions of

16   Defendants and Defendants' agents acting within the course of their employment, GLORIA

17   has and continues to suffer loss of earnings, emotional and physical distress, humiliation and

18   embarrassment, all to her damage as set forth below.

19        65.   GLORIA has been required to retain the services of an attorney to

20   pursue this action and should be granted reasonable costs and attorney's fees therefor.

21

22                **SEVENTH CLAIM FOR RELIEF**
           **(Intentional Infliction of Emotional Distress)**

23        66.   GLORIA realleges each allegation contained in  Paragraphs 1 through

24   65 as though fully set forth herein.

25        67.   GLORIA avers that the conduct described above constitutes

26   intentional infliction of emotional distress by Defendants.

27        68.   Defendants, by and through their agents, officers, and employees

28   while in the course and scope of their employment, engaged in a course of conduct toward

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225 Fax: (775) 323-5666

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225  Fax: (775) 323-5666

1 GLORIA which in its totality was extreme and outrageous, to-wit as set forth above.

2      69.     The above alleged acts and conduct of Defendants were extreme and

3 outrageous and were carried out with intent to cause the consequences, or which Defendants

4 knew or should have known that the results were substantially likely to occur.  The above

5 alleged acts of Defendants proximately caused GLORIA to suffer humiliation, mental

6 anguish, emotional and physical distress, or were done with reckless disregard for the

7 feelings, health or welfare of GLORIA, all of which was foreseeable by Defendants.

8      70.     GLORIA avers that the conduct of Defendant's authorized and

9 apparent agents, its managers, officers and employees, was ratified and adopted by

10 Defendants.

11      71.     As a direct and proximate result of the acts, conduct and omissions of

12 Defendants and Defendants' agents acting within the course of their employment, GLORIA

13 has and continues to suffer loss of earnings, emotional and physical distress, humiliation and

14 embarrassment, all to her damage as set forth below.

15      72.     The aforementioned acts of Defendants were done intentionally,

16 maliciously and with intent to injure and oppress GLORIA, and by reason thereof, GLORIA

17 is entitled to exemplary and punitive damages in a sum set forth below.

18      73.     GLORIA has been required to retain the services of an attorney to

19 pursue this action and should be granted reasonable costs and attorney's fees therefor.

20

### PRAYER FOR RELIEF

21

22      WHEREFORE, the Plaintiffs pray for judgment against Defendants, and each

23 of them, as follows:

24      1.      For a declaration by this Court that GLORIA was acting the course

25 and scope of her employment on the morning of February 7, 2001 when she was seriously

26 injured in an automobile accident and, therefore, entitled to workers' compensation benefits.

27      2.      For compensatory damages in excess of One Hundred Thousand

28 Dollars ($100,000.00), in a total amount to be determined at trial;

10

1         3.    For punitive or exemplary damages according to proof, in excess of

2  One Hundred Thousand Dollars ($100,000.00), in a total amount to be determined at trial;

3         4.    For attorneys' fees, costs, and disbursements;

4         5.    For interest at the maximum legal rate and prejudgment interest on all

5  sums awarded; and

6         6.    For such additional and further relief as may be deemed just and

7  proper by this Court.

8         7.    For a jury trial.

9        Respectfully submitted this _31_ day of May, 2001.

10                  JACK E. KENNEDY & ASSOCIATES, P.C.
                            Attorneys for Plaintiffs

11

12        By

13                    JACK E. KENNEDY, ESQ., #2127
                            425 West Plumb Lane

14                    Reno, Nevada 89509
                            (775) 323-5225

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACK E. KENNEDY AND ASSOCIATES, P.C.
425 West Plumb Lane, Reno, Nevada 89509
Tel: (775) 323-5225   Fax: (775) 323-5666

# LOVELOCK PAIUTE TRIBE

## TRAVEL EXPENSE REPORT

NAME OF TRAVELER: Clovis C'Krawos

PROGRAM: _____

| DEPARTURE | | POINTS OF TRAVEL | | | ARRIVAL | | AUTOMOBILE | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Hour | From | Odometer Reading | To | Odometer Reading | Date | Hour | Total Mileage | Total Charge @ | TOTAL |
| 1/22 | | Lovelock | | Fallon | | 1/22 | | 55 | 17.88 | $ 17.88 |
| 1/22 | | Fallon | | Lovelock | | 1/22 | | 55 | 17.88 | $ 17.88 |
| 1/23 | | Lovelock | | Fallon | | 1/23 | | 55 | 17.88 | $ 17.88 |
| 1/23 | | Fallon | | Lovelock | | 1/23 | | 55 | 17.88 | $ 17.88 |
| 1/24 | | Lovelock | | Fallon | | 1/24 | | 55 | 17.88 | $ 17.88 |
| 1/24 | | Fallon | | Lovelock | | 1/24 | | 55 | 17.88 | $ 17.88 |
| 1/25 | | Lovelock | | Fallon | | 1/25 | | 55 | 17.88 | $ 17.88 |
| 1/25 | | Fallon | | Lovelock | | 1/25 | | 55 | 17.88 | $ 17.88 |
| 1/26 | | Lovelock | | Fallon | | 1/26 | | 55 | 17.88 | $ 17.88 |
| 1/26 | | Fallon | | Lovelock | | 1/26 | | 55 | 17.88 | $ 17.88 |

**PER DIEM ALLOWANCE CLAIMED:**

Date Left: _____ Hour: _____ Date Ret. _____

Date Left: _____ Hour: _____ Date Ret. _____

Date Left: _____ Hour: _____ Date Ret. _____

Date Left: _____ Hour: _____ Date Ret. _____

Miscellaneous (Specify and Include Receipts): _____

**TOTAL EXPENSES CLAIMED:** $ 221.01

Travel Advance Given

No: _____  Yes: _____  Ck.#: _____  Amount: $ _____

**AMOUNT DUE TRAVELER/LPT:** $ 221.01

I certify that this statement, the amounts claimed and attachments are true, correct and complete to the best of my knowledge and belief. And that the payment for the amount claimed has not been received.

Date: 1-29-01

Signature of Traveler: _____

Date: _____

Approved By: _____

## ** PLEASE ATTACH BRIEF REPORT ON BACK OF FORM **

EX. 1

12.78
12.78
17.88
17.77
17.77

55
55
55
55
55

Lovelock - Fallon
Fallon - Lovelock
Lovelock - Fallon
Fallon - Lovelock
Lovelock - Fallon
Fallon - Lovelock

2/6
2/6
2/6
2/6
2/7
2/7

WORKERS' BENEFITS

PAGE 01

A copy of this form must be posted. Case 3:01-cv-00243-HDM-VPC Document 2-2606805 Filed 06/01/01 Page 14 of 26

Program for Sovereign Indian Nations
Claim Administration
6143 South Willow Drive, Suite 330        (303) 694-1309 Fax
Englewood, CO 80111

Client Code:

Claim No.:

# EMPLOYER'S FIRST REPORT OF INJURY OR ILLNESS

| 1. Name (Last, First, M.I.) | 2. Sex | 12. Date of Injury | 13. Time of Injury | 14. Date Lost Time Begun |
|---|---|---|---|---|
| CISNEROS, GLORIA | FEMALE | 2/6/01 | APPX 10:00 AM | 2/6/01 |

| 3. Social Security Number | *4. Home Phone* | 5. Birthdate | *15. Nature of Injury* | *16. Part of Body Injured or Exposed* |
|---|---|---|---|---|
| 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 | ( ) | 2/5/64 | CAR ACCIDENT | HEAD, BODY |

6. Does the Employee Speak English? If No, Specify Language
Yes ☒    No ☐

*17. How and Why Accident/Injury Occurred*
TRAVELING TO WORK IN FALLON NV

7. Mailing Address (Street or P.O. Box)
PO BOX 165
Lovelock NV 89419

| 18. Was Employee Doing his Regular Job? Yes ☒ No ☐ | *19. Worksite Location of Injury (stairs, etc.)* U.S. HWY 95 ALT. |
|---|---|

| City | State | Zip Code |
|---|---|---|
| Lovelock | NV | 89419 |

10. Address Where Injury or Exposure Occurred (Name of Business if incident occurred on a business site) TRAVELING to work on ALT HWY 95

8. Marital Status
Married ☐  Widowed ☐  Separated ☒  Single ☐  Divorced ☐

| 9. Number of Dependent Children | 10. Spouse's Name |
|---|---|
| 2 | N/A |

*21. Cause of Injury (fall, tool, etc.)*
CAR ACCIDENT

11. Physician's Name and Address

22. List Witnesses
NONE

| 23. Return to Work Date/Or Expected | 24. Did Employee Die? NO | 25. Supervisor's Name ALLEN Ambler | 26. Date Report 3/8/01 |
|---|---|---|---|

| 27. Date of Hire 5/8/00  8/1/00 - Rehire | 28. Is the Employee entitled to IHS benefits? NO | 29. Length of Service in Current Position 9 mos. Recent | 30. Length of Service in Occupation |
|---|---|---|---|

31. Occupation of Injured Worker
FINANCE / BOOKKEEPER

| 32. Rate of Pay at This Job $16 Hourly $ Weekly | *33. Full Work Week Is* 40 Hours 5 Days | 34. Last Paycheck Was $1,280 for 40-reg 40 O.T. Hours or Days  80 TOTAL |
|---|---|---|

| 35. Name and Title of Person Completing This Form ALLEN Ambler, COUNCILMAN | 36. Name of Business Lovelock PAIUTE TRIBE |
|---|---|

| 36. Business Mailing Address and Telephone Number PO BOX 878, Lovelock NV 89419  775 742-3698 | 37. Business Location (if different from Mailing Address) 201 BOWEAN Ave. Lovelock NV 89419 |
|---|---|

38. Standard Industrial Classification Code (SIC)
OFFICE / ADMINISTRATION

| 39. Workers' Compensation Insurance Company | 40. Policy Number |
|---|---|

41. Signature and Title (READ INSTRUCTIONS ON INSTRUCTION SHEET BEFORE SIGNING)
X_____

The Named Insured is a Federally recognized Tribal Government and/or Tribal Entity; and is exempt from State law. The Tribe is NOT a "State Employer" and DOES NOT insure employees subject to any State Workers' Compensation laws.
*Special instructions on back

S:IWP\WIN\WORD\CMS\PIMWCPI

EX. 2

| EMPLOYEE NAME | | | | EMPLOYEE NUMBER | DEPT. | ORGANIZATION | SOCIAL SECURITY NO. | NO. OF DEP. | |
|---|---|---|---|---|---|---|---|---|---|
| CISNEROS, GLORIA | | | | FIBEP32830029 | | | 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 | FEDERAL S01 | STATE S01 |

| PER BEG | PER END | CK DATE | CK NUMBER | MISCELLANEOUS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 012901 | 021101 | 021601 | 03586963 | | | | | | |

### EARNINGS/COMPENSATION

### DEDUCTIONS/TAXES/MISCELLANEOUS

| TYPE | DESCRIPTION | RATE | HRS/UNITS | AMOUNT | YEAR TO DATE | TYPE | DESCRIPTION | AMOUNT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|---|---|
| EN | REG PAY | 16.0000 | 4000 | 64000 | 4,35200 | TX | FICA/OASI | 7936 | 31744 |
| EN | SICK PAY | 16.0000 | 4000 | 64000 | 64000 | TX | MEDICARE | 1856 | 7424 |
| EN | HOLIDAY PY | | | | 12800 | | | | |
| ** | TOTAL EARN | | | 1,28000 | 5,12000 | | | | |

| | GROSS | LESS PRE-TAX | TAXABLE WAGES | LESS TAXES | LESS DEDUCTION | NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1,280.00 | | 1,280.00 | 97.92 | .00 | 1,182.08 |

LOVELOCK PAIUTE TRIBE PO BOX 878, LOVELOCK NV 89419-0878

EX. 3



# Jack E. Kennedy
## and Associates, P.C.



| | | |
|---|---|---|
| •Jack E. Kennedy, Esq.<br>Laura M. Arnold, Esq. | 425 West Plumb Lane * Reno, Nevada 89509<br>(775) 323-5225 * Fax: (775) 323-5666<br>www.jackkennedy.com | Elizabeth McEnaney, JD<br>(Law Clerk) |

May 4, 2001

**VIA FACSIMILE** *(303) 694-1309*
**AND U.S. MAIL**

Mark Gaarder
Commercial Insurance Services
6143 S. Willow Drive, Suite 330
Englewood, CO 80111

> Re:    Our Client - Gloria Cisneros
>         DOI - 2/7/01, Claim #WCPIN2001016604

Dear Mark:

Thank you for the opportunity to provide additional information to confirm information you already have that Ms. Cisneros was in the course and scope of her employment when she was injured in a serious car accident on February 7, 2001. As promised in our April 27, 2001 correspondence to you, included herewith are the affidavits of Gloria Cisneros, the claimant, and Allen W. Ambler, the *chairman* of the Paiute Indian Tribe for which Ms. Cisneros works, and Ms. Cisneros' *direct supervisor*.

### A.    EVIDENCE ESTABLISHING THAT MS. CISNEROS' INJURIES WERE INCURRED IN THE COURSE AND SCOPE OF HER EMPLOYMENT.

As you well know, Gloria was hired by the Tribe as a bookkeeper/financial officer. As unequivocally explained by Ms. Cisneros' direct supervisor and chairman of the Tribe:

> "An element of Ms. Cisneros' job description is the 'other duties as assigned' category and in this category Ms. Cisneros has *travel requirements* and in her travel requirements she was *required to drive from the Tribal office located in Lovelock to other areas such as Reno to visit the Tribe's auditor; Fallon for supplies and W-2's, payroll and bills from the Paiute Indian Tribe located in Lovelock at my office in Fallon, Nevada so I could review and/or sign such*

---

*Licensed to practice in Nevada since 1977

EX. 4

Mark Gaarder
May 4, 2001
Page 2

---

*documents.* This activity of Ms. Cisneros was within the course and scope of her
employment with the Paiute Indian Tribe."

*See* Affidavit of Allen Amber, attached hereto, p. 1, ¶ 4, *ll.* 19-25. Mr. Ambler goes on to
explain that:

"...on February 7, 2001 when Ms. Cisneros got in a serious motor vehicle accident
while *she was driving her car from the Lovelock Paiute Indian Reservation to my
Fallon office for the purpose of her bringing W-2's, payroll and bills to me for
review, signature or other action.... Ms. Cisneros' activities on this date were
within the course and scope of her assigned duties and employment with the
Paiute Indian Tribe.*"

*Id.,* p. 2, ¶ *5, ll.* 1-9 (emphasis added). Finally, according to Mr. Ambler, the W-2's, check
requests, time sheets, and other documents that were being transported by Ms. Cisneros from the
Lovelock office to the Fallon office for Mr. Ambler's review and signature had to be
reconstructed, as they had been thrown out of her vehicle as a result of the accident, and then
scattered throughout the desert by the emergency medical Helicopter's blades. *Id.,* p. 2, ¶ 6,
*ll.* 10-16.

Attached hereto is also Ms. Cisneros' affidavit, which reflects the statements made by
Mr. Ambler in reference to the accident and her injuries occurring in the course and scope of her
employment with the Tribe.

Clearly, Mr. Ambler's and Ms. Cisneros' statements are poignantly compelling in
reference to any remaining questions Commercial Insurance Services, Inc.'s concern regarding
whether Ms. Cisneros' injuries were incurred in the course and scope of her employment. They
were. Therefore, with this sworn, determinative testimonial evidence, we request that
Commercial Insurance Services, Inc. reconsider its denial of Ms. Cisneros' workers'
compensation benefits.

/ / /

/ / /

/ / /

---

*Licensed to practice in Nevada since 1977

Mark Gaarder
May 4, 2001
Page 3

---

**B.    IMPLICATIONS OF COMMERCIAL INSURANCE SERVICE'S FAILURE TO RECONSIDER ITS TENTATIVE DECISION DENYING MS. CISNEROS' WORKERS' COMPENSATION BENEFITS.**

Notwithstanding the evidence provided herewith in reference to the "course and scope of employment" issue, your tentative decision to deny Ms. Cisneros's workers' compensation benefits based upon Nevada's "Coming and Going Rule" is, at best, curious in light of your contradictory statement – without any supporting information – that all disputes regarding the compensation benefits provided by your company are subject to the jurisdiction of the Tribal Court. As you well know, the Tribal Courts vehemently maintain that they are not subject to Nevada law, or any interpretation thereof.

Be that as it may, because you are ostensibly basing your denial of Ms. Cisneros' workers' compensation claim on Nevada law, we intend to successfully assert that such a decision should, therefore, be considered in reference to Nevada's statutory scheme governing unfair insurance practices. *See* NRS 686A.310. Moreover, because any dispute we may have with your final decision is strictly with Commercial Insurance Services, Inc., and *not* the Tribe (based upon their position that Ms. Cisneros was within the course and scope of her employment), it is suggested that jurisdiction would properly rest with the Federal District Court for the Northern District of Nevada based upon diversity of citizenship of Ms. Cisneros and Commercial Insurance Services. *See* 28 U.S.C. § 1331. Indeed, the Federal District Court would have jurisdiction to consider any state-law claims made by both Commercial Insurance Services and Ms. Cisneros, as well as the potential for punitive damages for bad faith insurance practices.

Prior to asserting any claims in a federal lawsuit on behalf of Ms. Cisneros as an intended beneficiary of your contract with the Tribe, however, we would need to review: (1) your contract with the Tribe in order to determine what, if any, administrative remedies are applicable to Ms. Cisneros and/or appropriate; and (2) all statements, affidavits, other documents/evidence, and audio and/or video recorded statements on which Commercial Insurance Services is relying in denying Ms. Cisneros' workers' compensation claim. Therefore, please provide this office with a copy of your contract with the Tribe, all evidence on which you have relied in making your decisions, and the specific Nevada and contractual authority to which you repeatedly refer so that we can consider its content and impact in our potential pursuit of any dispute with Commercial Insurance Services, Inc. should you continue to refuse Ms. Cisneros' properly asserted workers' compensation claim.

---

*Licensed to practice in Nevada since 1977

Mark Gaarder
May 4, 2001
Page 4

_____

We respectfully request that Commercial Insurance Services, Inc. respond to this correspondence on or before **Wednesday, May 9, 2001** with its final decision in reference to Ms. Cisneros' workers' compensation claim after considering the determinative testimonial evidence provided herewith, and with the requested contract and evidentiary information requested. We anticipate your continued good faith cooperation and efforts in this matter, and look forward to hearing from you.

Sincerely,
JACK E. KENNEDY AND ASSOCIATES, P.C.

Jack E. Kennedy

/lma
cc:      client
Attachments

*Licensed to practice in Nevada since 1977

D:\WP_WORK\011161\ltr\gaarder.006.wpd

**FILE COPY**

<u>AFFIDAVIT OF GLORIA CISNEROS</u>

STATE OF NEVADA )
              ) ss.
COUNTY OF WASHOE )

        Gloria Cisneros, being first duly sworn, deposes and says:

        Affiant, Gloria Cisneros, having firsthand knowledge and belief of the following facts and over the age of 18 and competent to testify under oath, could and would give testimony truthfully and competently under oath and under penalty of perjury.

        1.   My home address is 445 14th Street, Lovelock, Nevada, 89419. I do not live on the reservation.

        2.   I am employed by the Lovelock Paiute Tribe. My date of hire was May, 2000. I am a bookkeeper/finance officer. My physical working address is the Tribe colony located at 201 Bowean, Lovelock, Nevada, where I have a desk, two file cabinets, table, computer, typewriter and numerous personal items.

        3.   In the normal course of my work for the Tribe, I traveled to Fallon to the Nevada Indian Environmental Coalition (NIEC) office, to Carson City to the Bureau of Indian Affairs office and to Reno to Egghart and Associates, auditors for the Tribe. The trips to Fallon and Carson City were usually completed in one day. On some occasions, the trip to Reno would require an overnight stay, depending upon the amount of work I needed to do with the auditors. I was reimbursed for the mileage on any trip I made on behalf of Tribal business.

EX. 5

D:\WP_WORK\011161\AFF.Gloria.wpd

1        4.   On February 7, 2001, I left my home early in the
2  morning and arrived at the Lovelock office that morning to pick
3  up invoices and timecards from Mr. F. G. Nugent, the housing
4  director to take with me to Fallon.  When I arrived at Mr.
5  Nugent's office, he was not there. I spoke with the maintenance
6  man Monty George, who was standing in front of the building and
7  asked him if he knew where Mr. Nugent was.  As I drove through
8  the colony in search of Mr. Nugent, I passed Lori Happy in her
9  vehicle and waved.  I was not able to located Mr. Nugent.

10        5.   Having the W-2's, 1099's, and other support
11  documents, my next task was to take the documents to Mr. Ambler,
12  who is my boss in Fallon.

13        6.   At approximately 9:50 a.m., I left the Lovelock
14  colony on my way to the NIEC  and FMI (First Momentum, Inc.)
15  office in Fallon, stopped for gas at H&H Exxon/Jackpot Foodmart,
16  365 Cornell Ave., Lovelock, Nevada (775-273-1408) and spoke to
17  employees there by the name of Jody Montes and Tracy Heinz.
18  Tracy asked me about whether my job was worth it, driving from
19  my office in Lovelock nearly everyday to Fallon and back.  I
20  remember laughing and saying, "most of the time".

21        7.   After getting gas, I traveled on Interstate 80
22  West to Interstate 95 South to go to the Fallon facility located
23  at 110 W. "B" Street to deliver support documents, W-2 forms and
24  1099 forms to my supervisor Allen Ambler.

25        8.   I had a serious rollover accident at or about
26  11:00 a.m., where I suffered a significant head and other
27  injuries that required more than one month of hospitalization
28  and ongoing medical treatment. My accident occurred while I was

D:\WP_WORK\011161\AFF.Gloria.wpd

1   traveling from  the colony in Lovelock to the office in Fallon.
2   I am also a cancer survivor and merely wish to get better and
3   have all my expenses and costs paid.

4         9.    The workers' compensation insurance carrier has
5   been giving me the run around, first saying I wasn't employed by
6   the Tribe, even after I provided copies of paycheck stubs which
7   clearly show that I was paid was an employee of the Tribe.  The
8   carrier then denied by claim, saying that I was traveling to my
9   work location when my office has always been in Lovelock and I
10  have always been paid for mileage whether it is to Fallon,
11  Carson City, Reno or for returning to my office in Lovelock.

12        10.   I am not a Paiute Indian or a member of any other
13  Native American Indian tribe.  I am Hispanic and I believe I am
14  not being treated fairly.

15              FURTHER AFFIANT SAYETH NOT.

16

17

18                                    _____
                                          Gloria Cisneros
19

20  SUBSCRIBED and SWORN before me
    this 4th  day of May , 2001,
21  by Delyne L. Greene.

22

23  _____
    NOTARY PUBLIC
24

25  
26
27
28

-3-                                          D:\WP_WORK\01116\AFF.Gloria.wpd

FILE COPY

AFFIDAVIT

STATE OF NEVADA          )

COUNTY OF CHURCHILL       )

    I, ALLEN W. AMBLER, being duly sworn, under oath and penalty of perjury, deposes and states of my personal knowledge, as follows:

    1.    I am the Chairman of the Paiute Indian Tribe.  I have been the Chairman since my election in June 2000.  The Tribe is located at 201 Bowean in Lovelock, Nevada.  In addition, I am the owner of my own company.  The name of my company is First Momentum, Inc. and it is located at 110 West B Street, Suite B, Fallon, Nevada 89406.  I am also President of the Nevada Indian Environmental coalition, which is located at 110 West B Street, Suite A, Fallon, Nevada 89406.

    2.    In my capacity as Chairman of the Paiute Indian Tribe, I am required to sign an assortment of checks and documents.  These checks include, but are not necessarily limited to the payment of Tribal bills and payroll.

    3.    Ms. Gloria Cisneros works for the Paiute Indian Tribe and in this capacity I am her direct supervisor.

    4.    An element of Ms. Cisneros' job description is the "other duties as assigned" category and in this category Ms. Cisneros has travel requirements and in her travel requirements she was required to drive from the Tribal office located in Lovelock to other areas such as Reno to visit the Tribe's auditor; Fallon for supplies and W-2's, payroll and bills from the Paiute Indian Tribe located in Lovelock to my office in Fallon, Nevada so I could review and/or sign such documents.  This activity of Ms. Cisneros was within the course and scope of her employment with the Paiute Indian Tribe.

EX. 6

5.     I specifically recall the time on February 7, 2001 when Ms.
Cisneros got in a serious motor vehicle accident while she was driving her
car from the Lovelock Paiute Indian Reservation to my Fallon office for the
purpose of her bringing W-2's, payroll and bills to me for review, signature
or other action and to pick up office supplies from Jeff's Office Supplies
located on Main Street in Fallon; the tribe has a charge account at Jeff's.
And, as Ms. Cisneros has done on numerous prior occasions. Ms. Cisneros'
activities on this date were within the course and scope of her assigned
duties and employment with the Paiute Indian Tribe.

6.     In addition, because of the severity of Ms. Cisneros' accident,
all of the W-2's check requests, time sheets and other documents were thrown
out of her vehicle and were scattered around her vehicle on the side of the
highway.  When the emergency medical Helicopter landed, the revolving blades
of the Helicopter blew the papers across the high desert and they were
forever lost in the surrounding terrain that was full of snow and mud.  And,
as a result all of these essential documents had to be reconstructed.

7.     Finally, as a part of Ms. Cisneros' job description, duties and
responsibilities, i.e., delivering and/or picking up documents and/or other
papers, she could visit an assortment of separate and distinct buildings on
the Indian colony, i.e., her main office in the Administration building
located at 201 Bowean Street and/or the Housing office which is located in
the gymnasium and is located approximately 30 - 50 feet from the
Administration office.  Attached, please find my sketch of these two
buildings.  I hereby incorporate this sketch as a part of this Affidavit.

8.     If I can be of further help, please feel free to contact me.  My
office address is 110 West B Street, Fallon, Nevada 89406.  My home address

-2-

1   is 300 Sawabe St., Lovelock, NV 89419.   My telephone numbers are (775) 867-

2   2290, (775) 867-2181, (775) 283-0642 and my cell (775) 742-3698.

3   FURTHER AFFIANT SAYETH NAUGHT.

4

5   ALLEN W. AMBLER

6   SUBSCRIBED and SWORN as before me, dated

7   this 31 day of May        , 2001.

8

9   NOTARY PUBLIC

D. ZAWACKI
Notary Public - State of Nevada
Appointment Recorded in County of Washoe
My Appointment Expires Aug. 27, 2001
97-3146-2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25